OPINION
On May 8, 1997, the Morgan County Grand Jury indicted appellant, James D. Mayle, on one count of complicity to convey drugs into a detention facility in violation of R.C. 2921.36. On August 14, 1997, the Morgan County Grand Jury indicted appellant on one count of kidnaping in violation of R.C. 2905.01 and one count of domestic violence with a prior conviction for domestic violence in violation of R.C. 2919.25. The indictments were joined for trial and a jury trial commenced on December 30, 1997. The jury found appellant guilty as charged. By sentencing entries filed January 20, 1998, the trial court sentenced appellant to a total term of ten years and eleven months in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I THE TRIAL COURT IMPROPERLY JOINED THE TWO INDICTMENTS FOR TRIAL PREJUDICING DEFENDANT-APPELLANT AND DENYING HIM A FAIR TRIAL.
II DEFENDANT-APPELLANT'S RIGHT TO A FAIR TRIAL AND IMPARTIAL TRIAL WAS MATERIALLY PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF HIS COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS.
III THE MAXIMUM SENTENCES GIVEN BY THE TRIAL COURT TO THE DEFENDANT-APPELLANT ARE CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD.
 I
Appellant claims the trial court erred in permitting joinder of the two indictments. We disagree. Joinder of offenses in separate indictments is controlled by Crim.R. 8(A) and Crim.R. 13 which state as follows: Crim.R. 8.
 JOINDER OF OFFENSES AND DEFENDANTS
Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.
Crim.R. 13.
 TRIAL TOGETHER OF INDICTMENTS OR IMFORMATIONS OR COMPLAINTS
The court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information.
Appellant argues the indictments should not have been tried together because the charged offenses therein were completely unrelated. Defense counsel did not object to the joinder and in fact the prosecutor voir dired the jury on the issue and argued the indictments separately in opening and closing. T. at 15, 67-69, 235, 237, 239, 241-242. The trial court instructed the jury to consider the counts in the indictments separately. T. at 273. In order to preserve an error for review, one must raise the issue in the trial court. State v. Maurer (1984), 15 Ohio St.3d 239; State v. Williams (1977), 51 Ohio St.2d 112. An error not raised in the trial court must be plain error for the appellate court to reverse. Crim.R. 52(B); State v. Long (1978), 53 Ohio St.2d 91. We note the plain error rule is to be taken with utmost caution, under exceptional circumstances, and only to prevent a clear miscarriage of justice. Long. Further, because appellant assigns as error in Assignment of Error II trial counsel deficiency in not moving to sever the indictments for trial, we must also examine this issue under State v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied, 110 S.Ct. 3258. Appellant must establish two criteria: 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, 2) [P]rejudice arises from counsel's performance.
Appellant must further establish "* * * but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696. We concede the indictments should have been tried separately. Our inquiry then is but for the failure to sever would the outcome of the trial had been different? The evidence presented on both indictments hinged upon the credibility of the witnesses. As for the complicity to convey drugs into a detention facility charge, appellant's ex-girlfriend, Andrea Trioano, testified appellant, while incarcerated in a detention facility, asked her to smuggle marijuana into the jail for him. T. at 146. Appellant had instructed Ms. Troiano on how to do it. Id. Deputy Thomas Jenkins, Jr. and dispatcher Francis Cranford testified Ms. Trioano brought marijuana to the detention facility specifically for appellant. T. at 128, 140. Deputy Jenkins testified appellant specifically asked for the item containing the marijuana claiming he needed it. T. at 130. Appellant denied asking or instructing Ms. Trioano for marijuana. T. at 212. As for the domestic violence and kidnaping charges, appellant's on-again off-again girlfriend, Ginger Mayle, testified to appellant beating her, taking her car keys and forcing her to drive with him around the county for four hours. T. at 80-87. Appellant denied everything except talking to Ginger in her car while driving around for one hour. T. at 204-207. No other witnesses to the events on the night in question saw anything (Michael Holland and Robert Mayle). Dr. David Brown testified to treating Ms. Mayle in the emergency room the day after the incident and observing recent bruises on her face consistent with strikes occurring the previous night. T. at 225-226. Based upon the fact different witnesses testified on the charges in the two indictments and the evidence revolved around the credibility of those witnesses versus appellant's version, we find the outcome would not have been different had the indictments been tried separately. Assignment of Error I is denied.
 II
Appellant claims his trial counsel was ineffective in failing to object to irrelevant and prejudicial testimony and in not moving to sever the indictments. We disagree. The standard for ineffective assistance of counsel has been cited supra. We decline to revisit the severance issue as we have already reviewed said issue in Assignment of Error I. Appellant argues his trial counsel should have objected to the prosecutor's questions directed at him on cross-examination regarding the identity of the victim involved in his previous domestic violence conviction. T. at 219-220. The victim of the previous offense was the same victim sub judice, Ginger Mayle. Testimony of previous physical conflicts between Ms. Mayle and appellant was elicited prior to the complained of questioning during Ms. Mayle's direct testimony and her cross-examination by defense counsel. T. at 83, 85, 96-97, 101. We fail to find any undue prejudice from the complained of questions. Appellant also argues his trial counsel should have objected to questions directed to Ms. Trioano regarding an incident with appellant wherein appellant became abusive with her because she would not take him to Athens to presumably find Ms. Mayle. T. at 150-151. Prior to these questions, Ms. Trioano stated she was scared to testify because "he said that he would kill me if I testified against him." T. at 149. It is clear from the prosecutor's line of questioning he sought to establish first, that appellant was seeking out Ms. Mayle and secondly, Ms. Trioano's reason for being fearful. During appellant's cross-examination on the incident, appellant accused Ms. Trioano of lying. T at 215. On direct examination, appellant claimed Ms. Mayle had threatened to harm him and Ms. Trioano. T. at 202-203. We fail to find the complained of questioning was irrelevant or caused undue prejudice given the defense raised by appellant. Assignment of Error II is denied.
 III
Appellant claims his sentences were contrary to law and not supported by the record. We disagree. Specifically, appellant argues the trial court erred in imposing the maximum sentence for kidnaping, ten years, and the maximum sentence for domestic violence, twelve months. These sentences were ordered to be served concurrently. R.C. 2929.14 governs basic prison terms. Subsection (C) states as follows: * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat offenders in accordance with division (D)(2) of this section. In its sentencing entry filed January 20, 1998, the trial court concluded as to both offenses "the Defendant committed the worst form of the offenses and that the Defendant poses the greatest likelihood of committing future crimes." The trial court based this conclusion on several factors as set forth in R.C. 2929.12. The trial court found "[t]he victim suffered serious economic or psychological harm" and "[t]he Defendant's relationship with the victim facilitated the offense." The trial court further found the following: 1. The offense was committed while on bail. 2. The Defendant has a history of criminal convictions. 3. The Defendant has not responded favorably to sanctions previously imposed. 4. The Defendant has an Alcohol/Drug abuse pattern related to the offense and the offender does not acknowledge the pattern and/or refuses treatment.
5. The Defendant has not shown genuine remorse. As to the domestic violence offense only, the trial court also found the following factors as set forth in R.C. 2929.13(B)(1): 1. The Defendant has served a prior prison term. 2. The offense was committed while the offender was under community control. 3. The offense resulted in physical harm to a person. 4. The offense involved a (sic) attempt or actual threat of physical harm with the Defendant having a prior conviction for causing such harm.
We concur with the trial court's findings. Ms. Mayle suffered physical, economic and psychological harm. Ms. Mayle testified to several beatings and her fear of appellant. T. at 81-85. Ms. Mayle had to relocate to a shelter to hide from appellant and as a result, she lost her job. T. at 93-94. Appellant's relationship with Ms. Mayle facilitated the offense as the two have been involved in an on-again off-again relationship for ten years and have a child together. T. at 73. The offenses were committed while appellant was out on bond on the complicity to convey drugs into a detention facility charge. January 20, 1998 T. at 21. Appellant has a history of criminal convictions including two for domestic violence on two different occasions and two probation violations. Id. at 21-22. Upon review, we find the trial court did not err in sentencing appellant to the maximum sentences on the kidnaping and domestic violence charges. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Edwards, J. concur.